**BANNING LLP**
William L. Banning, SBN 75757
wbanning@banningllp.com
Rebecca Rojas, SBN 272662
rrojas@banningllp.com
16409 Via de Santa Fe
P.O. Box 9600
Rancho Santa Fe, CA 92067
858-756-0056 Main
858-756-0003 Fax

Attorneys for Plaintiff
SUSAN S. GALLANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION (LOS ANGELES)

| | |
|---|---|
| SUSAN S. GALLANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD dba PRINCESS CRUISES, an unknown business entity; ONE SPA WORLD, LLC an unknown entity; and DOES 1 through 20, inclusive,<br><br>Defendants.<br>_____ | Case No.<br><br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff SUSAN S. GALLANT (hereinafter "Plaintiff") and complains of  Defendant PRINCESS CRUISE LINES, LTD. d.b.a. PRINCESS CRUISES; ONE SPA WORLD, LLC and DOES 1 through 20 ("Defendants"), inclusive, and alleges in this Complaint as follows:

## I.

## GENERAL ALLEGATIONS

1.     At all times relevant to this action, Plaintiff SUSAN S. GALLANT ("Plaintiff") was and is a resident of Nevada.

2.     Defendant Princess Cruise Lines, Ltd. is a corporation organized and

existing under the laws of the country of Bermuda, doing business as Princess Cruises with its principal place of business in Santa Clarita, California and is authorized to do, has regularly done, and is doing business in the State of California and has systematically conducted business on a regular basis in the State of California under and by virtue of the laws of the State of California.

3.  Defendant One Spa World, LLC is an unknown entity doing business in California and is authorized to do, has regularly done, and is doing business in the State of California and has systematically conducted business on a regular basis in the State of California under and by virtue of the laws of the State of California.

4.  The amount in controversy exceeds the amount of $75,000, exclusive of interest and costs.  Jurisdiction in this case is based on diversity jurisdiction under 28 U.S.C. § 1332(a) and the Admiralty and Maritime Jurisdiction of this Court.  The substantive and procedural law of the General Maritime Law of the United States as well as any applicable federal statutes apply in this case.

5.  This Court has personal jurisdiction over Defendants on the basis that Defendants conduct or transact substantial business activities and contracts to supply goods or services in this jurisdiction and have purposefully availed themselves of the jurisdiction of this Court by transacting business in this jurisdiction.  Further, the terms of the ticket issued by Defendant Princess Cruises, Ltd. to Plaintiff for the subject cruise contained certain terms and conditions, including an allegedly valid provision that any lawsuit be filed in the United States District Court for the Central District of California in Los Angeles.

6.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20 and therefore Plaintiff sues these Defendants by such fictitious names.  Plaintiff will amend the Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by

1  such Defendants.

2      7.    Plaintiff is informed and believes that all of the Defendants, including

3  those sued as DOES 1 through 20, were and are the agents, alter egos, partners, joint

4  venturers, co-conspirators, principals, shareholders, servants, employers, employees

5  and the like of their co-Defendants, and in doing the things hereinafter mentioned,

6  were acting within the course and scope of their authority as such agents, alter egos,

7  partners, joint venturers, co-conspirators, principals, shareholders, servants,

8  employers, and employees and the like with the permission, ratification or consent of

9  their co-Defendants and thus are legally liable for damages resulting from the acts or

10  omissions of the others.

11      8.    At all times herein mentioned, Defendants and DOES 1 through 20, and

12  each of them, owned, operated, managed, maintained, controlled, chartered and

13  navigated the subject VESSEL, IMO number 9215490, a Bermuda flag vessel afloat

14  upon navigable waters of the high seas.  At all times herein mentioned, said VESSEL

15  was operated as a cruise ship, carrying paying passengers on recreational cruises

16  between, among other routes, to and from Fort Lauderdale, Florida via various

17  Caribbean islands.

18      9.    This action arises out of a maritime accident ("ACCIDENT") which

19  occurred on the high seas on board the M/V CARIBBEAN PRINCESS, a cruise ship

20  ("VESSEL").  The ACCIDENT occurred on or about October 1, 2018, while Plaintiff

21  SUSAN S. GALLANT ("Plaintiff") was being carried as a paying passenger by

22  Defendants on the VESSEL, having boarded the VESSEL in reliance on the

23  representations of the Defendants and for the financial benefit of Defendants.  The

24  ACCIDENT occurred when Plaintiff was asked to assist in a sales presentation by a

25  VESSEL crew member/sales representative who was demonstrating the effectiveness

26  of a brand of shoe inserts and in doing so, instructed Plaintiff to put her arms and

27  hands behind her back in order to show that the shoe inserts improved stability and

28  balance.  As she did as she was instructed, the crew member/sales representative

performing the demonstration jerked violently downward on Plaintiff's hands, putting an extreme amount of weight and downward pressure on Plaintiff, causing her to bend backwards and injure her back. As a result of said injury, Plaintiff has suffered from pain and disability and continues to suffer pain and disability.

## II.

## FIRST CLAIM FOR RELIEF

### (General Maritime Negligence Against All Defendants and DOES 1-10)

10.     Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 9, above.

11.     On or about October 1, 2018, Plaintiff had been invited and directed to board the VESSEL by the Defendants and to participate in a cruise on board the VESSEL and to receive the educational and recreational services and activities advertised and offered to the public by Defendants. In so doing, Plaintiff entrusted her safety and welfare to the Defendants and their VESSEL, captain and crew, and the Defendants in turn owed a duty of reasonable care to Plaintiff to provide a safe environment, free of hazards such that passengers, including Plaintiff, could participate in the activities offered aboard the VESSEL safely. At all times herein mentioned, Defendants owed to Plaintiff a duty to warn Plaintiff of any unsafe conditions and/or hazardous activities on the VESSEL which Defendants knew or should have known existed.

12.     In the course and scope of discharging their duties owed to the passengers, including Plaintiff, Defendants, and each of them, breached their obligations, promises and duties of care to Plaintiff by the following wrongful acts or omissions, including but not limited to:

      a.     failure to provide Plaintiff with a safe environment to participate in the cruise experience advertised and sold to the Plaintiff;

      b.     failure to adequately train agents, employees and crew members on board at the time of Plaintiff's ACCIDENT, including the crew

COMPLAINT FOR PERSONAL INJURIES-GENERAL MARITIME NEGLIGENCE AND NEGLIGENCE OF COMMON CARRIER

4

member/sales representative involved in Plaintiff's ACCIDENT, to refrain from acting in such a way as to cause injury to passengers, including Plaintiff;

c.    failure to monitor agents, employees, including the crew member/sales representative involved in Plaintiff's ACCIDENT, to ensure that they did not act in such a way as to cause injury to passengers, including Plaintiff;

d.    failure to adopt policies and procedures for agents, employees and crew members/sales representatives to follow when interacting with passengers, including Plaintiff, to ensure that they did not act in such a way as to cause injury to passengers, including Plaintiff;

e.    failure to perform an assessment of known or foreseeable risks on the VESSEL resulting from product demonstration by agents, employees and crew members including the crew member/sales representative involved in Plaintiff's ACCIDENT;

f.    failure to establish or implement safety guidelines for agents, employees and crew members, including the crew member/sales representative involved in Plaintiff's ACCIDENT, to use when demonstrating product use by selecting passenger volunteers;

g.    failure to give orders, instructions and/or warnings to the passengers, including the Plaintiff, that certain sales demonstration techniques such as that used by the crew member/sales representative involved in Plaintiff's ACCIDENT, could cause serious bodily harm;

h.    failure to warn and inform Plaintiff of dangerous and unsafe conditions, which Defendants knew or in the exercise of reasonable care under the circumstances, should have known;

i.    failing to comply with applicable laws, statutes, regulations and standards enacted to promote safety at sea, including, but not limited to, statutes, regulations and standards which obligated Defendants to

COMPLAINT FOR PERSONAL INJURIES-GENERAL MARITIME NEGLIGENCE AND NEGLIGENCE OF COMMON CARRIER

interact with VESSEL passengers, including Plaintiff, in such a way to avoid exposing them to unreasonable risk of harm;

j.    failure to instruct Defendants' employees and crew to properly warn passengers, including Plaintiff, of the danger of participating in a demonstration that could result in physical injury to Plaintiff; and

k.    failure to use due care in hiring by negligently and incompetently hiring a person who was unfit and unqualified to competently and safely conduct sales demonstrations of products for sale to passengers including Plaintiff.

13.    Defendants breached these obligations, promises and duties of due care in that VESSEL's crew member/sales representative engaged in acts and omissions, as outlined above, which directly caused injury to Plaintiff.

14.    As a legal result of Defendants' breaches and negligence, Plaintiff sustained serious injuries to her back as herein described.  Plaintiff was injured through no fault of her own but solely as a legal result of Defendants' breach of their duties as aforedescribed.

15.    As a further legal result of the negligence of Defendants, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, past and future medical expenses, emotional distress, loss of enjoyment of life and pain and suffering, all of which will be established at trial according to proof.

### III.

### SECOND CLAIM FOR RELIEF

**(Negligence of Common Carrier Against Defendant PRINCESS and DOES 11-20)**

16.    Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 15, above.

17.    At all times herein mentioned, Defendants Princess Cruise Lines, Ltd.

and Does 10-20 (herein "Defendants") were owners and operators of a common carrier VESSEL on which Plaintiff was a paying passenger and as such, Defendants owed to Plaintiff the duty to use utmost care and diligence for her safe carriage on board the VESSEL and to exercise extraordinary vigilance and the highest skill to secure safe conveyance of Plaintiff.  At all times herein mentioned, Defendants owed to Plaintiff a duty to warn Plaintiff of any unsafe conditions and/or hazardous activities on the VESSEL which Defendants knew or should have known existed.

18.   Defendants breached their afore described duties to Plaintiff as a common carrier by the following wrongful acts or omissions, including, but not limited to:

a.   failure to provide Plaintiff with a safe environment to participate in the cruise experience advertised and sold to the Plaintiff;

b.   failure to adequately train agents, employees and crew members on board at the time of Plaintiff's ACCIDENT, including the crew member/sales representative involved in Plaintiff's ACCIDENT, to refrain from acting in such a way as to cause injury to passengers, including Plaintiff;

c.   failure to monitor agents, employees, including the crew member/sales representative involved in Plaintiff's ACCIDENT, to ensure that they did not act in such a way as to cause injury to passengers, including Plaintiff;

d.   failure to adopt policies and procedures for agents, employees and crew members/sales representatives to follow when interacting with passengers, including Plaintiff, to ensure that they did not act in such a way as to cause injury to passengers, including Plaintiff;

e.   failure to perform an assessment of known or foreseeable risks on the VESSEL resulting from product demonstration by agents, employees and crew members, including the crew member/sales representative involved in Plaintiff's ACCIDENT;

f.  failure to establish or implement safety guidelines for agents, employees and crew members, including the crew member/sales representative involved in Plaintiff's ACCIDENT, to use when demonstrating product use by selecting passenger volunteers;

g.  failure to give orders, instructions and/or warnings to the passengers, including the Plaintiff, that certain sales demonstration techniques such as that used by the crew member/sales representative involved in Plaintiff's ACCIDENT, could cause serious bodily harm;

h.  failure to warn and inform Plaintiff of dangerous and unsafe conditions, which Defendants knew or in the exercise of reasonable care under the circumstances, should have known;

i.  failing to comply with applicable laws, statutes, regulations and standards enacted to promote safety at sea, including, but not limited to, statutes, regulations and standards which obligated Defendants to interact with VESSEL passengers, including Plaintiff in such a way to avoid exposing them to unreasonable risk of harm;

j.  failure to instruct Defendants' employees and crew to properly warn passengers, including Plaintiff, of the danger of participating in a demonstration that could result in physical injury to Plaintiff; and

k.  failure to use due care in hiring by negligently and incompetently hiring a person who was unfit and unqualified to competently and safely conduct sales demonstrations of products for sale to passengers including Plaintiff.

19.  Defendants breached these obligations, promises and duties of due care in that VESSEL's crew member/sales representative engaged in acts and omissions, as outlined above, which directly caused injury to Plaintiff.

20.  As a legal result of Defendants' breaches and negligence, Plaintiff sustained serious physical injuries to her back as herein described. Plaintiff was

injured through no fault of her own but solely as a legal result of Defendants' breach of their duties as herein described.

21.    As a further legal result of the negligence of Defendants, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, past and future medical expenses, emotional distress, loss of enjoyment of life and pain and suffering, all of which will be established at trial according to proof.

## IV.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.    For economic special damages, non-economic, general damages and other allowable damages in an amount according to proof at trial;

2.    For costs of suit;

3.    For interest from the date of the incident herein alleged to the time of judgment;

4.    For such other and further relief as this Honorable Court deems just and proper.

DATED: September 13, 2019          **BANNING LLP**

By: _____
WILLIAM L. BANNING
REBECCA ROJAS
Attorney for Plaintiff
SUSAN S. GALLANT

## V.

## DEMAND FOR JURY TRIAL

Plaintiff SUSAN S. GALLANT hereby demands a trial by jury on all claims for relief.

DATED: September 13,  2019          **BANNING LLP**


By: _____
WILLIAM L. BANNING
REBECCA ROJAS
Attorney for Plaintiff
SUSAN S. GALLANT